**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARC A. STERR, | No. 09-16773 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02307-DOC |
| v. | |
| D. BAPTISTA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
David O. Carter, District Judge, Presiding

Submitted June 29, 2010[**]
San Francisco, California

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Marc Sterr, a California state prisoner, appeals pro se from the district

court's denial of his motion for a preliminary injunction and temporary restraining

order, and the denial of his motion to reconsider the denial, in his action under 42

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Sterr alleges that prison officials placed substantial burdens on his right to exercise his religious beliefs in violation of the Free Exercise Clause of the First Amendment and RLUIPA when officials restricted vegetation for Sterr's Earth-based religion to "grass only" and when they set a new schedule for the use of the prison's religious grounds. Sterr sought to enjoin the enforcement of the new regulations. In denying Sterr's motion for injunctive relief, the district court held that Sterr had no likelihood of success on the merits of his claims, that he made no showing of irreparable harm, and that the balance of hardships tilted in favor of prison officials.

We review the denial of the preliminary injunction for an abuse of discretion. *Earth Island Inst. v. USFS*, 351 F.3d 1291, 1298 (9th Cir. 2003). We "determine de novo whether the trial court identified the correct legal rule to apply to the relief requested." *United States v. Hickson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the correct legal standard is applied "then we reverse only when the district court reaches a result that is illogical, implausible, or without support in the inferences that may be drawn from the record." *N.D. v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1111 (9th Cir. 2010).

Here, the district court was guided by the more lenient preliminary injunction standards of our pre-*Winter v. Natural. Res. Def. Council*, 129 S. Ct. 365 (2008), cases. We will not disturb the district court's "denial of relief unless the denial itself constituted an abuse of discretion." *McDermott v. Ampersand Publ'g, LLC*, 593 F.3d 950, 963 (9th Cir. 2010), *citing, Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009), because where we would affirm the denial of injunctive relief under the pre-*Winter* standard we would also affirm denial under the more stringent *Winter* standard. *Id.*

We conclude that the district court applied the correct law in determining that Sterr was not likely to prevail on his Free Exercise and RLUIPA claims, and we further conclude that the district court did not abuse its discretion by denying Sterr's motion for a preliminary injunction. *Earth Island Inst.*, 351 F.3d at 1298.

**AFFIRMED.**

09-16773